IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARNELL DOSS,** | : | **Civil No. 4:19-cv-1789** |
| **Plaintiff,** | : | |
| v. | : | |
| **BUREAU OF PRISONS, et al.,** | : | |
| **Defendants.** | : | **Judge Sylvia H. Rambo** |

## MEMORANDUM

Before the court is a report and recommendation (Doc. 43) of Magistrate Judge Arbuckle in which he recommends that the court dismiss the complaint (Doc. 1) pursuant to Federal Rule of Civil Procedure 41(b) for failure to abide by court orders, or, in the alternative, grant in part the moving defendants' Motion to Dismiss/Motion for Summary Judgment (Doc. 25). For the reasons that follow, the court will adopt the recommendation to grant in part the Motion to Dismiss/Motion for Summary Judgment.

### I.  Background

On October 17, 2019, Plaintiff Darnell Doss ("Plaintiff") filed a fifty-one-page complaint in which he alleges that over the course of two years, Bureau of Prisons ("BOP") employees at two federal prisons interfered with his ability to practice his religion while incarcerated by failing to adequately resolve many of his requests for accommodation. Plaintiff asserts Bivens claims under the First and Fifth

amendments, claims under the Religious Freedom Restoration Act ("RFRA") and claims under 42 U.S.C. §§ 9181, 1985, and 1986.

On May 18, 2020, the seventeen named and served defendants collectively filed a motion seeking dismissal, or in the alternative summary judgment, as to all of Plaintiff's claims together with a brief in support and statement of facts. (Docs. 25-27.) The magistrate judge advised Plaintiff on his obligations to respond, granted Plaintiff five extensions of time to respond, and unsuccessfully attempted to find volunteer counsel to represent Plaintiff. Ultimately Plaintiff's response was due on July 12, 2021, and to date, no response has been filed to the pending motion.

On October 8, 2021, the magistrate judge filed the instant report and recommendation. (Doc. 43.) Objections to the report and recommendation were due on October 22, 2021. Rather than filing objections, on October 29, 2021, Plaintiff filed a document titled, "Notice to the Court Plaintiff Has No Intentioned [sic] to Abandon Suit" (Doc. 44), in which he asks for an additional sixty days to present direct evidence in response to the moving defendants' Motion to Dismiss/Motion for Summary Judgment. While Defendants do not object to the report and recommendation, on November 1, 2021, they filed an opposition to Plaintiff's request for yet another extension of time. (Doc. 45.)

## II.   Legal Standard

When objections are timely filed to a magistrate judge's report and recommendation, the district court must conduct a *de novo* review of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citation omitted). Regardless of whether or not timely objections are made, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule 72.31.

## III.   Discussion

In his latest request for an extension of time, Plaintiff indicates that he does not seek additional time to file objections to the report and recommendation in

accordance with Local Rule 72.3, but rather to present "direct evidence" and to respond for the first time to a dispositive motion filed nearly eighteen months ago. The request will be denied. While the court is sympathetic to the obstacles a *pro se* plaintiff faces in responding to motions while incarcerated, especially during a pandemic, the court has provided Plaintiff with ample opportunity to respond to Defendants' motion for summary judgment. (*See* Docs. 28, 30, 33, 35, 37, 39, 42.) No additional time will be provided.

Nonetheless, because Plaintiff clearly indicated in his request for an extension that it is not his intention to abandon this lawsuit (*see* Doc. 44), the court will decline to adopt the magistrate judge's recommendation that the court dismiss this case for failure to prosecute. Although the *Poulis* factors favored dismissal when weighed by the magistrate judge, Plaintiff has now shown that his failure to respond was due to prison lockdowns and poor health, which arguably amount to excusable neglect. Thus, in weighing the six *Poulis* factors, the court finds, in its discretion, that dismissal of this suit is not appropriate at this time. *See Emerson v. Thiel College*, 296 F.39 184, 190 (3d Cir. 2002) (explaining *Poulis* factors).

The court will, however, adopt the alternative recommendation. After an independent review of the record, the court finds that the report is not only thorough but well-reasoned and is convinced that it contains no clear error. The court will therefore grant the moving defendants' motion as to all claims except Plaintiff's

RFRA claims related to the symbols in the Allenwood Chapel, his request to wear a purple head covering, and his objection to the specific PPD Tuberculosis test.

## IV. Conclusion

For the reasons outlined above, the court will adopt in part the report and recommendation. An appropriate order follows.

s/Sylvia H. Rambo
Sylvia H. Rambo
United States District Judge

Dated: November 10, 2021